The defendant was indicted for an assault with intent to commit rape. On the trial of the indictment Mary A. Caldwell, a girl of fourteen or fifteen years of age, upon whom the assault was alleged to have been committed, was introduced as a witness for the State, and proved the forcible attempt to violate her person, as charged in the bill. She was then subjected to a scrutinizing and protracted cross-examination by the defendant's counsel, which proceeded without interruption until they expressed themselves satisfied, and returned her to the officer for the State. Upon her reexamination she did not vary her evidence in any respect, or make any addition thereto, but in reply to a question by the solicitor, stated that she "was so scared she did not know all that the defendant said and did to her." The defendant's counsel then insisted that he had a right to examine the witness again, as in her reply above stated she had disclosed new matter, but the court overruled the counsel, and directed the witness to retire.
Other evidence being introduced and gone through with, the cause was argued at length on both sides, during which much was said about the respectability of the defendant, and the lowly condition of the girl and her mother, who brought forward this prosecution. The court after submitting the evidence on both sides to the consideration of the jury, and stating such propositions of law as arose thereon, with other remarks which seemed appropriate (nothing of which is complained (407) of), wound up the charge with these words: "It will be the duty of the jury, should they believe the story of the girl to be substantially true, to pronounce the defendant guilty, whatever may be the disparity of rank between the accuser and the accused. No female, howeverbase, more certainly none however humble, falls beneath the protecting power of our laws." The jury found the defendant guilty. There was a motion for a new trial: 1. Because of the refusal of the court to allow counsel to cross-examine the witness again. 2. Because the language used by the court, as above set forth, violates the statute, which forbids the judge to intimate an opinion upon the facts. The court overruled the motion, and judgment being pronounced against the defendant, he appealed to the Supreme Court.
The Court does not perceive in either of the reasons assigned in the exception a ground for reversing the judgment.
If, in the excitement and hurry of the trial, the defendant's counsel had, through inadvertence, omitted to cross-examine to any particular point material to the defense, it is almost certain that the presiding judge would have allowed him to resume the cross-examination as to the omitted matter. Such indulgences are usual, when needful to the advancement of truth and justice. But the counsel did not ask it as a favor to be allowed to cross-examine this witness, nor submit to be confined to any particular point, state to be essential to the defense. On the contrary, the counsel insisted on taking up anew a general cross-examination as his absolute right. We think his honor properly denied it. He ruled according to the established order of proceeding in the trial of causes; and were it otherwise, and counsel had the arbitrary power of resuming cross-examinations as often as they chose, it (408) is obvious it would lead to great abuses in harassing witnesses and protracting trials.
The act of 1796 forbids a judge from giving to the jury an opinion, whether a fact be fully or sufficiently proved. But in the observation of his Honor, which is excepted to, there is no expression of opinion upon any fact whatever. It is stated in the case that according to the terms of her testimony, the witness proved the assault to have been made on her as charged in the indictment. Then, the only question must have been on her credibility. That, if disputed, the court distinctly left exclusively to the jury. They were told that "should they believe the story of the witness it would be their duty to find the defendant guilty." The observation which followed affirms no fact and gives no intimation as to any fact. It is a mere truism in law; in substance, that no one is so high as to be above obedience to the law, nor any so low as not to be entitled to its protection. We cannot discover that the remark could have had any operation in the minds of the jurors in making up their verdict, except, perhaps to deepen the salutary impression, so generally prevalent among the citizens of this State of the duty of the impartial administration of justice. It insinuated to the jury no bias upon the questions of fact.
PER CURIAM. No error.
Cited: S. v. Rash, 34 N.C. 386. *Page 291 
(409)